IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, <br><br> *Plaintiff*, <br><br> v. <br><br> MARY L. GENTRY, ARCHENE GAILEY, AND WILLIAM GENTRY, <br><br> *Defendants*. | No. 19 C 3328 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Metropolitan Life Insurance Company ("MetLife") commenced this action by filing a Complaint in Interpleader against Defendants Archene Gailey, William Gentry, and Mary Lee Gentry, asking that the Court deliberate on their competing interests in a life insurance policy issued on behalf of Juanita A. Gentry. MetLife was dismissed from the case after depositing the full amount of the life insurance policy benefits and additional interest with the District Court's Registry. (Dkt. 26). Archene Gailey died in April 2020, and her Estate was substituted in as a Defendant. (Dkt. 65). Mary Lee Gentry died in December 2019, and her Estate was substituted in as a Defendant. (Dkt. 77).

Defendants, William Gentry and the Estate of Archene Gailey, filed this Motion for Summary Judgment on October 12, 2021, disputing the claims put forward by the Estate of Mary Lee Gentry. (Dkt. 86). The Estate of Mary Lee Gentry failed to respond to the Motion. Juanita Gentry submitted the most recent Designation of Beneficiary Form according to applicable laws and regulations, and her designation is deemed valid by this Court for purposes of distributing the

1

benefits from her life insurance policy. For the foregoing reasons, the Motion for Summary Judgment [86] is granted.

## BACKGROUND

The following facts are undisputed as the non-moving party, the Estate of Mary Lee Gentry, did not file a response to the Motion for Summary Judgment. The facts submitted in the moving party's Rule 56.1 Statement of Facts (Dkt. 88) are admitted. N.D. ILL. L.R. 56.1(b)(3)(C); *Smith v. Lamz*, 321 F.3d 680, 682–83 (7th Cir. 2003) ("[W]hen a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion. N.D. ILL. L.R. 56.1(b). We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

MetLife commenced this action on May 16, 2019 through the filing of a Complaint in Interpleader against Defendants Archene Gailey, William Gentry, and Mary Lee Gentry, asking that the Court handle their competing interests in a life insurance policy issued on behalf of Juanita A. Gentry ("Decedent") in the amount of $121,500.00. (Dkt. 88 ¶ 1; Dkt. 1). Specifically, MetLife stated in the Complaint in Interpleader, "In September 2017, Mary Lee Gentry informed MetLife, through counsel, that the beneficiary designation change in 2013 that removed her as the sole beneficiary was done through 'fraud' and while the Decedent lacked the mental capacity to execute a beneficiary change. . . . MetLife requested that Mary Lee Gentry provide documentation to support her claim of fraud and incompetence. In 2018 and 2019, additional information was submitted, including medical records, signature samples, and an affidavit." (Dkt. 1 ¶¶ 15–16).

Prior to her death, Juanita Gentry was a retired federal employee, previously employed by the Department of Education. (*Id*. at ¶ 12). MetLife issued the life insurance policy on behalf of

2

the Office of Personnel Management ("OPM"), pursuant to FEGLIA. (Dkt. 88 ¶¶ 1–2). As ordered by this Court on September 3, 2019, MetLife deposited $121,999.60 with the District Court's Registry as the proceeds of the policy plus applicable interest and was dismissed. (*Id*. at ¶ 3; Dkt. 26).

Archene Gailey was the Decedent's sister and passed away on April 4, 2020. (Dkt. 88 ¶¶ 4–5; Dkt. 65). On September 30, 2020, the Court granted a motion to substitute the Estate of Archene Gailey as a Defendant. (*Id*.; Dkt. 68). William Gentry is the Decedent's nephew. (Dkt. 88 ¶ 6). Mary Lee Gentry was the Decedent's sister and died on December 14, 2019. (*Id*. at ¶ 7–8). The Court granted a motion to substitute the Estate of Mary Lee Gentry on January 1, 2021. (*Id*.; Dkt. 77).

On July 8, 2013, the Decedent signed a Designation of Beneficiary form for her life insurance policy in the presence of two witnesses, Barbara Moore and Andrea Mathews.[1] (Dkt. 88 ¶ 13; Dkt. 88-1 Ex. 4). Moore declared under oath that she knew the Decedent for around twenty-five to thirty years prior to the signing of this form and "was familiar with her mental and physical health at the time she signed the document." (*Id*.). When Juanita Gentry signed the document, Moore believed her to be mentally competent and aware of what she was signing. (*Id*.). Moore signed the document as a witness to her signature, and the OPM received the form on July 15, 2013. (Dkt. 88 ¶¶ 13–14; Dkt. 88-1 Ex. 4). At the time of her death, almost exactly four years later, this form was the most recent designation on file with the OPM and named the following beneficiaries and percentages: "Archene Gailey 70%, Mary Lee Gentry (20%), and William Gentry (10%)." (*Id*.). The form also indicates the signatory is "canceling any and all previous

---

[1] Barbara Moore declared under oath that to the best of her knowledge and belief, the other witness, Andrea Mathews, is deceased.

3

Designations of Beneficiary under the Employees' Group Life Insurance Policy and are now designating the beneficiaries named above." (*Id*.). Juanita Gentry died on July 16, 2017. (*Id*. at ¶ 16; Dkt. 88-1 Ex. 1-A).

Federal law governs the issuing of life insurance benefits under FEGLIA, specifically, "[T]he amount of group life insurance . . . in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of death, in the following order of precedence: First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office." (*Id*. at ¶ 15); 5 U.S.C. § 8705(a).

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

## DISCUSSION

The Court has no basis to find Juanita Gentry did not intend to make the changes in the Designation of Beneficiary Form signed on July 8, 2013, and witnessed by Barbara Moore and Andrea Mathews. The Complaint indicates Mary Lee Gentry submitted a Claim for Death Benefits

4

form and stated the designation changes in 2013 that removed her as the sole beneficiary were done through "fraud" while Juanita Gentry did not possess the mental capacity to execute a change. (Dkt. 1). However, the Estate of Mary Lee Gentry failed to put forward evidence or respond in any manner to the moving party's Motion for Summary Judgment and Rule 56.1 Statement of Facts. While the Complaint states MetLife requested and received additional information from Mary Lee Gentry related to her claim of fraud and incompetence, the Court has no basis to consider these claims.

The Supreme Court previously considered the distribution of FEGLIA benefits. *Hillman v. Maretta*, 569 U.S. 483 (2013). In *Hillman*, the Court outlined the process for paying life insurance benefits from FEGLIA: "[U]pon an employee's death, life insurance benefits are paid in accordance with a specified 'order of precedence.' 5 U.S.C. § 8705(a). The proceeds accrue '[f]irst, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death.'" *Id*. at 486. For a designation to be effective, it "must be in writing and duly filed with the Government." *Id*. at 487; 5 U.S.C. § 8705(a). According to regulations promulgated by OPM, an employee has the right to "change [a] beneficiary at any time without the knowledge or consent of the previous beneficiary," and this right "cannot be waived or restricted." 5 CFR § 870.802(f). The designation must be signed by the insured individual, witnessed and signed by two people, and received by the appropriate office prior to the death of the insured individual. 5 CFR § 870.802(b). A witness may not be named as a beneficiary. 5 CFR § 870.802(d).

The Court in *Hillman* reinforced Congress's apparent intention in enacting FEGLIA: "[T]o accord federal employees an unfettered 'freedom of choice' in selecting the beneficiary of the insurance proceeds and to ensure the proceeds would actually 'belong' to that beneficiary."

5

*Hillman* at 495 (quoting *Ridgway v. Ridgway*, 454 U.S. 46, 56 (1981)). It is clear "FEGLIA's order of precedence is written in mandatory, inflexible terms." *Metro. Life Ins. Co. v. Christ*, 979 F.2d 575, 578 (7th Cir. 1992) ("The language, structure, and legislative history of FEGLIA's order of precedence and beneficiary designation requirements lead to the conclusion that FEGLIA establishes 'an inflexible rule that the beneficiary designated in accordance with the statute would receive the policy proceeds, regardless of other documents or the equities in a particular case.'" (quoting *O'Neal v. Gonzalez*, 839 F.2d 1437, 1440 (11th Cir. 1989))).

Here, Juanita Gentry submitted a Designation of Beneficiary form signed on July 8, 2013 by two witnesses and herself. (Dkt. 88-1 Ex. 1-B). OPM received the form on July 15, 2013, almost four years before her death. (Dkt. 88 ¶ 14; Dkt. 88-1 Ex. 4). One of the witnesses, Barbara Moore, declared under oath she was "present with Juanita Gentry when she signed the Beneficiary Designation for her Group Life Insurance Policy" on July 8, 2013. (*Id.* at Ex. 4). Moore stated she had previously witnessed Gentry sign a form on April 28, 2013. (*Id.*). Moore declared under oath she knew "Juanita Gentry for about 25 to 30 years prior to [July 8, 2013] and was familiar with her mental and physical health at the time she signed the document." (*Id.*). Moore stated, "I believed that Juanita was mentally competent and was aware of what she was signing." (*Id.*).

This Court has no evidence before it to indicate Juanita Gentry was incompetent at the time she signed the most recent Designation of Beneficiary form assigning 70% of the benefits to Archene Gailey; 20% to Mary Lee Gentry; and 10% to William Gentry. As such, the Court finds that Gentry's July 2013 Designation of Beneficiary form is recognized and shall be enforced.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [86] is granted. The Designation of Beneficiary form signed on July 8, 2013 by Juanita Gentry for the group life

6

insurance policy issued to her under FEGLIA through MetLife will be enforced by the Court. The District Court's Registry is directed to issue the funds from the benefits of the insurance policy to the Estate of Archene Gailey, the Estate of Mary Lee Gentry, and William Gentry according to the percentages laid out in the July 8, 2013 Designation of Beneficiary form.

_____
Virginia M. Kendall
United States District Judge

Date: June 9, 2022